**PHILIP R. WOOTEN**
Arizona State Bar No. 007006
Philip R. Wooten, PC
3413 E. Equestrian Trail
Phoenix, AZ 85044-3403
Telephone: 480-598-4330
Facsimile:  480-598-4331
philip.wooten@azbar.org
*Attorney for Trans Union LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| STEPHEN EDWARDS, INC., dba Stephen Edwards, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; EQUIFAX INC; TRANSUNION LLC; EXPERIAN INFORMATION SOLUTIONS; DOES I-X, WHITE ASSOCIATION I-X; and BLACK CORPORATIONS I-X <br><br> Defendants. | Case No. _____ <br><br> **DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL** <br><br> (Removed from the Superior Court of the State of Arizona, Maricopa County, Case No. CV2012-096901) |

COMES NOW Trans Union LLC, incorrectly named TransUnion LLC and files this its Notice of Removal and respectfully shows the Court as follows:

**A. Procedural Background**

1.    Stephen Edwards, Inc. dba Stephen Edwards is the Plaintiff ("Plaintiff"). American Express Company, Equifax, Inc., Trans Union LLC, Experian Information Solutions are the Defendants.

2.    On October 31, 2012, Plaintiff filed this action in the Superior Court of the State of Arizona, in and for the County of Maricopa ("State Court Action"), alleging fraud.

3.    The time period for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal.  No orders have been entered in the State Court Action as of the filling of this Notice of Removal.

**1**

4386489.2/SP/83057/1375/112012

4.      Equifax Information Services, Inc. was served with Plaintiff's Complaint on November 1, 2012.  Experian Information Solutions, Inc. was served with Plaintiff's Complaint on November 1, 2012.  Trans Union LLC was served with Plaintiff's Complaint on November 1, 2012.  America Express Company was served with Plaintiff's Complaint on November 1, 2012.  Trans Union filed this Notice of Removal within the thirty (30) day time period required by 28 U.S.C. § 1446(b).

**B.  Grounds for Removal**

5.      The present suit is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a).  Removal is proper because the amount in controversy is in excess of $75,000 and Plaintiff and Trans Union are citizens of different states.

*i.      Complete Diversity Exists*

6.      Trans Union is not a citizen of Arizona.  Trans Union is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.   Trans Union is wholly owned by Trans Union Corp., a Delaware corporation.  Trans Union Corp.'s principal place of business is in Chicago, Illinois.

7.      American Express Company is not a citizen of Arizona.  American Express Company is incorporated in New York and has its principal place of business in New York City.

8.      Equifax is not a citizen of Arizona.  Equifax is incorporated in Georgia and has its principal place of business in Atlanta.

9.      Experian is not a citizen of Arizona.  Experian is incorporated in Ohio and has its principal place of business in California.

10.     Plaintiff is domiciled at 1765 N. Lemon, Mesa Arizona 85205, and was domiciled there at the time this action was commenced.   Plaintiff was at the time this action was commenced and at the time of removal a citizen of the State of Arizona.  Because Trans Union is a citizen of every state in which its members are citizens, *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006), and its sole member company, Trans Union Corp., is a citizen of the States of Delaware and Illinois, Trans Union is a citizen of the States of

4386489.2/SP/83057/1375/112012

Delaware and Illinois.  Complete diversity exists because Plaintiff is a citizen of the State of Arizona.

***ii.***       ***The Amount in Controversy Requirement is Satisfied***

11.      In his Original Complaint, Plaintiff is asking for damages in the amount of $100,000.  As a result, the $75,000 amount in controversy requirement is fully satisfied.

### C.  Compliance with Procedural Requirements

12.      Pursuant to 28 U.S.C. §1446(b), this Notice is being filed with this Court within thirty (30) days after Defendant Trans Union, the defendant first served with the Complaint, received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

13.      Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

14.      Promptly after the filing of this Notice of Removal, Trans Union shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the Superior Court of the State of Arizona, in and for the County of Maricopa, as required by 28 U.S.C. § 1446(d).

15.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant Trans Union in the State Court Action is attached hereto as Exhibit "A".

16.      Trial has not commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa.

17.      All Defendants that have been served upon the date of filing of this Notice of Removal consent to the removal of this case.  Consents and Joinders in the Removal from Equifax, Experian, and American Express Company are attached hereto as Exhibit "B".

WHEREFORE, Trans Union LLC respectfully prays that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

**3**

Dated: November 20, 2012.

Respectfully Submitted,


By  /s/  Philip R. Wooten
**PHILIP R. WOOTEN**
Arizona State Bar No. 007006
Philip R. Wooten, PC
3413 E. Equestrian Trail
Phoenix, AZ 85044-3403
Telephone: (480) 598-4330
Facsimile:  (480) 598-4331
Email: philip.wooten@azbar.org

**ATTORNEY FOR TRANS UNION LLC**

**4**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th of November, 2012, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system and that a true and correct copy has been forwarded to the following non-CM/ECF participant via Certified Mail / Return Receipt Requested:

Stephen S. Edwards          *(Via CM/RRR)*
1765 N. Lemon
Mesa, AZ  85205
Tel: (602) 757-2110
*Plaintiff, Pro Se*

Anne M. Jerez          *(Via U.S. Mail)*
Legal Analyst
General Counsel's Office American Express
1801 NW 66 Ave., Suite 160
MC 95-01-04
Plantation, FL  33313
Telephone:954-704-6023
*Representative for American Express*

Jonathan A. Dessaules          *(Via U.S. Mail)*
jdessaules@dessauleslaw.com
Dessaules Law Group
2700 North Central Avenue, Suite 1250
Phoenix, Arizona 85004
Telephone: 602.274.5400
*Counsel for Experian*

Brian J. Olson          *(Via U.S. Mail)*
bjolson@kslaw.com
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309
Telephone: 404-215-5806
Fax: 404-572-5100
*Counsel for Equifax*

By  /s/  Philip R. Wooten

# EXHIBIT A

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Maria Saldana
Filing ID 1531578
11/8/2012 9:31:00 PM

1  Stephen S. Edwards
2  1765 N. Lemon
   Mesa, Arizona 85205
3  (602) 757-2110
   Plaintiffs in Pro Se
4

5

   ### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
6
   ### IN AND FOR THE COUNTY OF MARICOPA
7

8
   STEPHEN S. EDWARDS, dba STEPHEN      )   CASE NO:   <u>CV2012-096901</u>
9  EDWARDS, individually;               )
                                        )
10                                      )   **DEMAND   FOR   JURY   TRIAL**
                    Plaintiffs,         )
11                                      )
   vs.                                  )
12                                      )
   America Express Company:             )
13 Equifax Inc.;                        )
   Transunion LLC;                      )
14 DOES I -X; WHITE ASSOCIATION I - X; and )
   BLACK CORPORATIONS I - X.            )
15                                      )
                    Defendants.         )
16 _____ )

17      COMES NOW, Plaintiffs STEPHEN S. EDWARDS dba STEPHEN EDWARDS,

18 individually and pursuant to A.R.S. §12-1176 hereby respectfully submits his demand for jury trial.

19      DATED this 8th day of October, 2012.

20                         /s/ Stephen S. Edwards

21                         Stephen S. Edwards
                           1765 N. Lemon
22                         Mesa, Arizona 85205
                           (602) 757-2110
23                         Plaintiff in Pro Se

24

25

26

27

28

                                    1

1  Stephen S. Edwards
2  1765 N. Lemon
   Mesa, Arizona 85205
3  (602) 757-2110
   Plaintiffs in Pro Se
4

5              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
6                  IN AND FOR THE COUNTY OF MARICOPA
7

8  STEPHEN S. EDWARDS, dba STEPHEN      )    CASE NO:    CV2012-096901
9  EDWARDS, individually;               )
                                        )
10                 Plaintiffs,          )    **DEMAND  FOR  JURY  TRIAL**
11 vs.                                  )
                                        )
12 America Express Company:             )
13 Equifax Inc.;                        )
   Transunion LLC;                      )
14 DOES I -X; WHITE ASSOCIATION I - X; and )
   BLACK CORPORATIONS I - X.            )
15                 Defendants.          )
                                        )
16 _____  )

17      COMES NOW, Plaintiffs STEPHEN S. EDWARDS dba STEPHEN EDWARDS,

18 individually and pursuant to A.R.S. §12-1176 hereby respectfully submits his demand for jury trial.

19      DATED this 8th day of October, 2012.

20                          /s/ Stephen S. Edwards

21                          Stephen S. Edwards
                            1765 N. Lemon
22                          Mesa, Arizona 85205
                            (602) 757-2110
23                          Plaintiff in Pro Se

24

25

26

27

28

                                   1

Valley-Wide Process Server
14215 N. 20th Way
Phoenix, Az 85022
(602) 262-2555

MICHAEL JEANES, CLERK
BY *A Kauer*
                    DEP
FILED

12 NOV -5 PM 12: 03

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| STEPHEN EDWARDS, | ) | Case No.: CV2012-096901 |
| Plaintiff(s). | ) | |
| | ) | |
| vs. | ) | DECLARATION OF DELIVERY BY |
| TRANS UNION, LLC et al., | ) | PRIVATE PROCESS SERVER |
| Defendant(s). | ) | |
| | ) | |

John Cox upon his oath and personal knowledge states as follows:

1. I am over twenty one years of age, suffer no legal disabilities and I am licensed in Maricopa County as a private process server;

2. On November 1, 2012 at 2:16 p.m. I delivered to TRANS UNION, LLC at 2338 W. Royal Palm Rd in Phoenix, Arizona the Summons; Complaint; Certificate of Compulsory Arbitration filed with/issued by this Honorable Court in this matter by delivery to Nina Mason who is authorized to accept;

3. The fee for this service was $30.00.

I swear under penalty of perjury pursuant to A.R.C.P. 80(i) this 2nd day of November, 2012 that the foregoing is true and correct.

John Cox

MICHAEL JEANES, CLERK.
BY
*A. Sauce*
DEP
FILED
**12 NOV -5 PM 12: 03**

Valley-Wide Process Server
14215 N. 20th Way
Phoenix, Az 85022
(602) 262-2555

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| STEPHEN EDWARDS, | ) | Case No.: CV2012-096901 |
| Plaintiff(s). | ) | |
| | ) | |
| vs. | ) | DECLARATION OF DELIVERY BY |
| EQUIFAX, INC., | ) | PRIVATE PROCESS SERVER |
| Defendant(s). | ) | |
| | ) | |

John Cox upon his oath and personal knowledge states as follows:

1. I am over twenty one years of age, suffer no legal disabilities and I am licensed in Maricopa County as a private process server;

2. On November 1, 2012 at 2:16 p.m. I delivered to EQUIFAX, INC. at 2338 W. Royal Palm Rd in Phoenix, Arizona the Summons; Complaint; Certificate of Compulsory Arbitration filed with/issued by this Honorable Court in this matter by delivery to Nina Mason who is authorized to accept;

3. The fee for this service was $30.00.

I swear under penalty of perjury pursuant to A.R.C.P. 80(i) this 2nd day of November, 2012 that the foregoing is true and correct.

_____
John Cox

Valley-Wide Process Server
14215 N. 20th Way
Phoenix, Az 85022
(602) 262-2555

MICHAEL JEANES, CLERK
BY *A. Hauee* DEP
FILED

**12 NOV -5 PM 12: 03**

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| STEPHEN EDWARDS, | ) | Case No.: CV2012-096901 |
| Plaintiff(s). | ) | |
| | ) | |
| vs. | ) | DECLARATION OF DELIVERY BY |
| EXPERIAN INFORMATION SOLUTION, INC, et al., | ) | PRIVATE PROCESS SERVER |
| | ) | |
| Defendant(s). | ) | |

John Cox upon his oath and personal knowledge states as follows:

1. I am over twenty one years of age, suffer no legal disabilities and I am licensed in Maricopa County as a private process server;

2. On November 1, 2012 at 2:50 p.m. I delivered to EXPERIAN INFORMATION SOLUTION, INC by delivery to their statutory agent at CT CORPORATION at 2390 E. Camelback Rd in Phoenix, Arizona the Summons; Complaint; Certificate of Compulsory Arbitration filed with/issued by this Honorable Court in this matter by delivery to Duc Le who is authorized to accept;

3. The fee for this service was $30.00.

    I swear under penalty of perjury pursuant to A.R.C.P. 80(i) this 2nd day of November, 2012 that the foregoing is true and correct.

    _____
    John Cox

Valley-Wide Process Server
14215 N. 20th Way
Phoenix, Az 85022
(602) 262-2555

MICHAEL JEANES, CLERK
BY *A. Haure* DEP
FILED

12 NOV -5 PM 12: 03

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| STEPHEN EDWARDS, | ) | Case No.: CV2012-096901 |
| Plaintiff(s). | ) | |
| | ) | |
| vs. | ) | DECLARATION OF DELIVERY BY |
| AMERICAN EXPRESS COMPANY, et al., | ) | PRIVATE PROCESS SERVER |
| | ) | |
| Defendant(s). | ) | |

John Cox upon his oath and personal knowledge states as follows:

1. I am over twenty one years of age, suffer no legal disabilities and I am licensed in Maricopa County as a private process server;

2. On November 1, 2012 at 2:50 p.m. I delivered to AMERICAN EXPRESS COMPANY by delivery to their statutory agent at CT CORPORATION at 2390 E. Camelback Rd in Phoenix, Arizona the Summons; Complaint; Certificate of Compulsory Arbitration filed with/issued by this Honorable Court in this matter by delivery to Duc Le who is authorized to accept;

3. The fee for this service was $30.00.

    I swear under penalty of perjury pursuant to A.R.C.P. 80(i) this 2nd day of November, 2012 that the foregoing is true and correct.

    _____
    John Cox

Stephen S. Edwards
1765 N. Lemon
Mesa, Arizona 85205
(602) 757-2110
Plaintiffs in Pro Se

MICHAEL K. JEANES
Clerk of the Superior Court
By REGINA ROMERO, Deputy
Date 10/31/2012 Time 12:59:37
Description                Amount
-------- CASE# CV2012-096901 --------
CIVIL NEW COMPLAINT              301.00

TOTAL AMOUNT                     301.00
          Receipt# 22553768

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

|  |  |
|---|---|
| STEPHEN  EDWARDS, INC. , <br> dba Stephen Edwards . <br> , individually; <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN EXPRESS COMPANY, <br><br> **EQUIFAX INC** <br> TRANSUNION LLC <br> EXPERIAN INFORMATION SOLUTIONS <br><br> DOES I -X; WHITE ASSOCIATION I - X; and <br> BLACK CORPORATIONS I - X. <br><br><br> Defendants. | CV2012-096901 <br> CASE NO: _____ <br><br> **COMPLAINT** <br><br> **Count I - Breach of Contract** <br> **Count II - Negligence** <br><br> **Count III -Breach of Fiduciary Duty** <br> **Management** <br> **Count IV -Breach of the Covenant of** <br> **Bad Faith and Fair Dealing** <br> **Count V - Emotional Distress** <br> **Count VI - Specific Performance** <br> **Count VII - Defamation/Libel** <br> **Count VIII - Deceptive Practices** <br> **Count IV - Unjust Enrichment** <br> **Count X - Punitive Damages** |

Comes now, Plaintiffs in pro se, STEPHEN S. EDWARDS individually, and as STEPHEN

S. EDWARDS dba  an Arizona Limited Liability Company, for his Complaint against American

Express, dba as Amex Assurance Company, a Delaware  Company herein referred to as "AMEX",

Experian Information Solutions ,Equifax INC., and Transunion LLC (herein referred to as "Credit

Agencies"), and hereby complains as to each of the Defendants, and hereby alleges and states as

follows:

**PARTIES TO THE ACTION**

1.      Plaintiffs STEPHEN S. EDWARDS individually and as STEPHEN S. EDWARDS dba Arizona Limited Liability Company ("hereinafter referred to as "Plaintiffs") and has been, and at all times prior to this cause of action been a resident of the County of Maricopa, State of Arizona.

2.      Defendant American Express  dba as Amex Assurance Company, a Delaware Company, is domiciled in Delaware and lawfully able to conduct business in Maricopa County, Arizona.

3.      Defendant Experian Information Solutions

4.      Defendant Equifax INC.,

5.      Defendant Transunion LLC.,

6.      Defendants Experian, Equifax  and Transunion are herein after referred to as "Credit Agencies".

8.      Upon information and belief, Defendants DOES I-X are individuals whose true names are unknown at this time, but when such information becomes available will be included into this Complaint and made a party hereto.

9.      Upon information and belief, Defendants WHITE ASSOCIATIONS I-X are conducting business, including, but not limited to limited liability companies, whose true names are unknown at this time, but when such information becomes available will be included into this Complaint and made a party hereto.

10.      Upon information and belief, Defendants BLACK CORPORATIONS I-X are corporations whose true names are unknown at this time, but when such information becomes available will be included into this Complaint and made a party hereto.

**VENUE AND JURISDICTION**

11.      This Court has subject matter jurisdiction over this matter pursuant to A.R.S. §12-123.

2

12.     Venue is proper as all of the occurrences leading to this cause of action took place in the County of Maricopa, State of Arizona to which the parties either reside or offices are located.

## GENERAL ALLEGATIONS

13.     On or about June , 2004, Plaintiffs received a credit card from Defendant AMEX and received The Blue Card. Said Blue card has an account ending in # 5009. The Blue Card was never in dispute, never in default and no reward points should have been removed under any circumstance. AMEX used bullying tactics to try to intimidate plaintiff into accepting the new terms of the agreement further reneging on their agreement.

14.     Plaintiffs AMEX Blue Card stayed in good standing for numerous years paying on average $6500.00 per month. In fact, it was in such good standing that Defendant AMEX offered Plaintiffs an upgrade to a Platinum Card. Said Platinum Card had an account ending in #74002.

15.     During this time, Plaintiffs accumulated approximately 460,000 reward mile points. Said reward miles are accumulated for every $1.00 spent on the card.

16.     Plaintiffs had on an average paid his balance in full for several years that ranged anywhere from $5,000 to $10,000 per month. And ability to pay clearly never an issue!

17.     On or about October 2009, there was a fraudulent charge of $1200.00 to said Platinum Card from Best Buy, at which time Plaintiffs disputed with Defendant AMEX.

18.     Defendant AMEX admit they breached the Card Member Agreement by not protecting Plaintiffs as agreed to in the agreement. Based on that breach AMEX on or about July 2010, Defendant AMEX agreed to credit Plaintiffs card the annual fees of $450 for the past three years. Said amount was to make up for the services that were to be provided to Plaintiffs as contained in the agreement.

19.     Plaintiffs received from Defendant AMEX a $450.00 credit only, not the full $1,350.00 as they originally stated

3

20.     Plaintiffs stated that once the credit of the remaining $900.00 was on his account, he would pay his balance in full as agreed.  Plaintiffs tried on numerous occasions to resolve this matter amicably and was only rudely disregarded by Defendant AMEX.

21.     Defendant AMEX is the culprit and was  the party who initially breached the agreement first as Plaintiffs were always in good standing then reneged on fully resolving this matter.

22.     Defendant AMEX further closed Plaintiffs Blue Card account, which had a balance of $170.00, of which was never returned to Plaintiffs, nor was it credited it his Platinum Account. Defendants took it upon their own accord to just keep the said monies.

23.     Plaintiffs has always had impeccable credit.

24.     Defendant AMEX  further reported Plaintiffs to the Credit Agencies while this matter was in dispute and due to such, Plaintiffs have been unable to obtain any further credit.

25.     Defendant AMEX further falsely reported to Defendant CREDIT AGENCIES that Plaintiff's AMEX was "charged off" when in fact, Plaintiff had the ability to pay the remaining balance in full. Said 'charge off' has negatively impacted Plaintiffs credit report and has denied him of obtaining further credit.

26.     As a subsidiary of Defendant AMEX is NCI, which is a part of Defendant Credit Agencies, agreed to settle the account in full, but then decided they would not.

27.     NCI, as a part of Defendant Credit Agencies were supposed to deleted the trade line after payment of the full balance, however, after payment in full, they did not change thus it remains on Plaintiffs credit report, again negatively impacting Plaintiff financial record.

28.     Defendant AMEX refuses, and still refuses,  to allow Plaintiff access to his Membership Reward Points and refuse to allow him to use them.

29.     Plaintiffs are a successful business and Mr. Edwards is successful business man and has every intention of paying the remaining balance of $3,600.00, as soon as Defendant AMEX made the promised remaining credit of $900.00 due to their breach of contract, in full after resolution of the dispute.

30.     Defendant AMEX is a large entity who cannot use bullying tactics to purposely

4

1    and recklessly damage Plaintiffs good name and reputation.

2         31.     It is beyond Plaintiffs comprehension has to why AMEX, who is a large

3    corporation, would continue to damage Plaintiffs, recklessly and punitively to try to harm

4    Plaintiffs.

5         32.     Plaintiff was able to, after 12 months, successfully succeeded in getting

6    the merchant, Best Buy, to credit the account and then proceeded to deal with American Express

7    negotiations. Best Buy also compensated Plaintiff's for their wrong doing above the return.

8         33.     After this egregious breach, Plaintiff does not want to continue business with

9    Defendant AMEX with their Platinum division and wishes to go back to using the Blue Card.

10        34     Defendant AMEX reneged and refused to work with Plaintiffs and promised

11    resolution, which never happened, which shows a unprofessional demeanor as the they went

12    back on their word, which was dishonest at best.

13

14

15                          **Count I - Breach of Contract**

16        35.     Plaintiffs re-alleges and incorporates by this reference all of the allegations set

17    forth in the preceding paragraphs 34 as if fully set forth herein.

18        36.     Defendant AMEX breached the contract in its failure to protect the Plaintiffs as

19    agreed in the Cardholder Agreement. Defendant AMEX was the one who initiated the breach.

20        37.     Defendant AMEX admitted they breached the contract by failing to protect

21    Plaintiffs and offered a refund of the annual dues for the card in the amount fo $450 per year for

22    the past 3 years. Defendants only paid for one of those years.

23        38.     Defendant AMEX breached their contract by falsely reporting to Defendant Credit

24    Agencies as the matter was still in dispute, this resulting in a negative impact on Plaintiffs.

25        39.     As a direct and proximate result of the foregoing, Plaintiffs have suffered damages

26    in an amount to be determined at trial, but not less than $10,000.00, exclusive of interest,

27    attorneys' fees and costs.

28

**Count II – Negligence**

40.     Plaintiffs re-alleges and incorporates by this reference all of the allegations set forth in the preceding paragraphs 39 as if fully set forth herein.

41.     Defendant AMEX was negligent in protecting the Plaintiffs.

42.     Defendants AMEX knew, or should have known, by breaching the contract, it was negligence to the Plaintiffs.

43.     Defendant AMEX negligently failed to credit Plaintiffs account accordingly.

44.     Defendant AMEX were negligent in not returning the monies on the Blue Card account.

45.     Defendant AMEX were negligent in falsely reporting to Plaintiffs credit reporting agency.

46.     Defendant AMEX were negligent by not allowing Plaintiffs access to the Membership  Reward Points, which although they do not hold cash value, they can be used toward other purchases such as travel and merchandise.

47.     Defendant AMEX negligently reported to Defendant Credit Agencies as the matter was in dispute and not resolve, thus causing negligence to Plaintiffs.

48.     As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $10,000.00, exclusive of interest, attorneys' fees and costs.


**Count III –Breach of Fiduciary Duty / Management**

49.     Plaintiffs re-alleges and incorporates by this reference all of the allegations set forth in the preceding paragraphs 1-48 as if fully set forth herein.

50.     Defendants owed Plaintiff a legal duty of undivided service and loyalty, which duty is fiduciary in nature and imposes upon Defendants  the highest standard of good faith.

51.     Defendants, should have known their obligation to offset the balance by the amount they had agreed to, but failed to so.

52.     Defendant breached its fiduciary duty to Plaintiff by engaging in

1  misrepresentations, omissions and/or fraudulent acts referred to herein.

2      53.    Defendants fiduciary duty was clearly violated as fiduciary duty has an obligation
3  to act in the best interest of the Plaintiffs, in which case Defendants as not.  A fiduciary
4  obligation exists whenever the relationship with the client involves a special trust, confidence,
5  and reliance on the fiduciary to exercise his discretion or expertise in acting for the client.

6      54.    The fiduciary must knowingly accept that trust and confidence to exercise his
7  expertise and discretion to act on the client's behalf, however, two different judgment were
8  vastly different amounts and Plaintiffs were violated by Defendants fiduciary duty and obligation
9  as the fiduciary duties and oblations did not exercise the skill, care and due diligence

10     55.    When one person does agree to act for another in a fiduciary relationship, the law
11 forbids the fiduciary from acting in any manner adverse or contrary to the interests of the client,
12 or from acting for his own benefit in relation to the subject matter. The client is entitled to the
13 best efforts of the fiduciary on his behalf and the fiduciary must exercise all of the skill, care and
14 diligence at his disposal when acting on behalf of the client. A person acting in a fiduciary
15 capacity is held to a high standard of honesty and full disclosure in regard to the client and must
16 not obtain a any benefit at the expense of the client.

17     56.    Defendants failed to return the monies to Plaintiffs Blue Card.

18     57.    Defendants misrepresented to Defendant Credit Agencies while the matter was in
19 dispute.

20     58.    As a direct and proximate result of the foregoing, Plaintiff has suffered damages
21 in an amount to be determined at trial, but not less than $10,000.00, exclusive of interest,
22 attorneys' fees and costs.

23

24              **Count IV – Breach of the Covenant of Bad Faith and Fair Dealing**

25     59.    Plaintiff re-alleges and incorporates by this reference all of the allegations set
26 forth in the preceding paragraphs 1-58 as if fully set forth herein.

27     60.    The breach of the Defendants by not refunding the amount they had originally
28 promised.

61.     Defendant clearly showed its breach of an implied covenant of good faith and fair dealing by failing to credit Plaintiffs annual dues for the past 3 years, by failing to return his credit balance on his Blue Card account and by reporting inaccuracies to the credit report.

62.     Defendants did not act in good faith as it was implied covenant of good faith and fair dealing as Plaintiffs had been in good standing for numerous years and when this dispute occurred offered to pay his balance in full, which clearly showed that he was willing to resolve this amicably and in good faith.

63.     Defendants should have allowed Plaintiff access or redemption of his Membership Reward Miles.

64.     Defendant AMEX falsely reported to Defendant Credit Agencies while the matter was in dispute.  Defendant AMEX did not exercise good faith.

65.     As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $10,000.00, exclusive of interest, attorneys' fees and costs.

### Count V - Emotional Distress

66.     Plaintiff re-alleges and incorporates by this reference all of the allegations set forth in the preceding paragraphs 1-65 as if fully set forth herein.

67.     Defendants AMEX and Credit Agencies displayed intentional acts and negligence upon Plaintiffs.

68.     Defendants AMEX and Credit Agencies inflicted upon Plaintiff emotional distress by falsely report to said agency when in dispute and by preventing Plaintiff to obtain additional credit due to their actions when Plaintiff credit report score was above average up until this point.  Bystanders to an injury must show physical closeness to the traumatic event, and a relationship to the party injured may be required.

69.     Defendants, and each of them, acted intentionally and recklessly.

70.     Defendants, and each of them, conduct was extreme and outrageous, this cause Plaintiff sever emotional distress.

8

**Count VI - Specific Performance**

71.   Plaintiff re-alleges and incorporates by this reference all of the allegations set forth in the preceding paragraphs 1-70 as if fully set forth herein.

72.   Pursuant to A.R.S. §12-546, Defendant AMEX clearly failed their duty of specific performance as required to Plaintiff.

73.   Defendant AMEX has an obligation and duty to perform by neglecting to engage in their duties and specific performance and by misrepresentations, omissions and/or fraudulent acts referred to herein.

74.   Defendant AMEX should be forced to perform their contractual obligations, exactly, absolutely, precisely and specifically to the correct amount.

75.   Defendant AMEX and Plaintiffs intended to resolve the dispute, yet Defendant AMEX turned around and refused to credit his account as promised, refused to refund his credit balance on his Blue Card account and reported this amount to Defendant Credit Agencies.

76.   Defendant Credit Agencies should have performed a thorough search and listened to Plaintiffs that the amount reported was in dispute, thus, should not have been placed on Plaintiffs report negatively.

77.   As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $10,000.00, exclusive of interest, attorneys' fees and costs.

**Count VII - Defamation/Libel**

78.   Plaintiffs re-alleges and incorporates by this reference all of the allegations set forth in the preceding paragraphs 1-77 as if fully set forth herein.

79.   Plaintiffs suffered injuries by Defendant AMEX by falsely recording to Plaintiffs Credit Agencies, which has affected his character and reputation.

80.   Defendant Credit Agencies reported an amount that was false, which affected his character and reputation to where Plaintiff is unable to obtain credit elsewhere.

81.   Defendant, and each of them, made false and defamatory statement concerning

9

1  Plaintiffs.

2      82    Defendant AMEX further disclosed an unprivileged publication to a third party,

3  which  was to Defendant Credit Agencies.

4      83.    Defendant was negligent in disclosing a false  amount causing Plaintiffs suffering

5  and harm.

6      84.    Defendant Credit Agencies was paid in full, yet still how on the credit report as a

7  'write off', when indeed it should show it was paid in full.

8      85.    As a direct and proximate result of the foregoing, Plaintiff has suffered

9  damages in an amount to be determined at trial, but not less than $10,000.00, exclusive of

10  interest, attorneys' fees and costs.

11

12                    **Count VIII - Deceptive Practices**

13      86.    Plaintiffs re-alleges and incorporates by this reference all of the allegations set

14  forth in the preceding paragraphs 1-85 as if fully set forth herein.

15      87.    Pursuant to A.R.S. §44-1522, Defendants, and each of them  exercised unlawful

16  practices by deception, deceptive acts or practice upon Plaintiffs by fraud, false pretenses and/or

17  promises,

18  misrepresentations, concealment, suppression or omission of any material fact.

19      88.    As seen in Exhibit  "1", Plaintiffs were advised that the 1 year not three years of

20  the annual dues would be credited to his account.

21      89.    Defendant AMEX  deceived Plaintiffs while this matter was in dispute and sent to

22  Defendant Credit Agencies when Plaintiffs had every intention of paying the balance in full.

23      90.    Defendant Credit Agency failed to correct that the amount was paid in full

24  and not 'charged off'.

25      91.    Defendants, and each of them clearly exercised deceptive acts, misrepresentation

26  and suppressed such facts.

27      92.    Defendant, AM EX  suppressed Plaintiffs from having access to his Membership

28  Reward  Points, which were earned by Plaintiffs.

1     93.    As a direct and proximate result of the foregoing, Plaintiff has suffered

2 damages in an amount to be determined at trial, but not less than $10,000.00, exclusive of

3 interest, attorneys' fees and costs.

4                           **Count IX- Unjust Enrichment**

5     94.    Plaintiffs re-alleges and incorporates by this reference all of the allegations

6 set forth in the preceding paragraphs 1-93 as if fully set forth herein.

7

8     95.    By reason of the actions, omissions, statements, and conduct of the Defendants,

9 and each of them, as herein above alleged, Defendants have been unjustly enriched. Specifically,

10 but without limiting the foregoing, Defendants promised to credit his account, but only gave a

11 partial payment and then reported the matter to the reporting credit agencies and further, kept his

12 credit balance due on his Blue Card account without a mere refund or putting that amount as a

13 credit to remaining balance owed.

14     96.    Defendant AMEX conspired to defraud and cause tortious misrepresentation

15 against Plaintiffs and to unlawfully report to Plaintiffs credit reporting agency, this causing

16 harm and damages to Plaintiffs.

17     97.    Defendants have refused Plaintiffs access and use of the Membership Reward

18 Miles, which has allowed Defendant enrichment at the expense of Plaintiffs.

19     98.    As a direct and proximate result of the foregoing, Plaintiff has suffered damages

20 in an amount to be determined at trial, but not less than $10,000.00, exclusive of interest,

21 attorneys' fees and costs.

22                           **Count X - Punitive Damages**

23     99.    Plaintiffs re-alleges and incorporates by this reference all of the allegations set

24 forth in the preceding paragraphs 1-98 as if fully set forth herein.

25     100.    Based upon Defendants, and each of them,  fraudulent acts, immoral conduct, and

26 intentional acts, Plaintiffs has been harmed and damaged and is therefore entitled to punitive

27 damages as defined in A.R.S.  §12-687.

28

11

WHEREFORE, Plaintiffs prays for the following relief:

1.     For general damages in an amount to be determined at trial, but no less than $100, 000.00;

2.     For punitive damages as allowed under Arizona law;

3.     For costs associated with the filing of this action;

4.     For attorneys' fees and expenses incurred herein; and

5.     For such other and further relief as this Court deems proper.

DATED this 31st day of October, 2012.


_____
Stephen S. Edwards
1765 N. Lemon
Mesa, Arizona 85205
(602) 757-2110
Plaintiff in Pro Se

NAME: Stephen Edwards, INC, an Arizona Corporation DBA:A Super-Limo Company
ADDRESS:  1765 N Lemon St.
            Mesa, AZ 85205


# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Stephen Edwards, Ind  DBA; | ) |
| | ) |
| | ) NO: CV2012-096971 |
| **Plaintiff** | ) |
| | ) **CERTIFICATE OF** |
| | ) **COMPULSORY** |
| VS. | ) **ARBITRATION** |
| | ) |
| | ) |
| AMERICAN EXPRESS COMPANY | ) |
| EQUIFAX INC, TRANSUNION LLC, | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, | ) |
| **Defendant,** | ) |
| | ) |
| | ) |

*(stamp: OCT 31 PM 12:51 · MICHAEL K. JEANES, CLERK · BY R. Romero FILED DEP)*

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs does / does not exceed limits set by Local Rule for compulsory arbitration. This case **is / is not** subject to the Uniform Rules of Procedure for Arbitration


Submitted this _____ of October 2012


BY: _____

# EXHIBIT B

1    Anne M. Jerez
Legal Analyst
2    Genera Counsel's Office American Express
1801 NW 66 Ave Suite 103
3    Plantation, FL 33313 MC 95-01-04
954-704-6023
4    623-707-4994
anne.m.jerez@aexp.com
5    **_Representative for Defendant American Express Company_**

6

7             UNITED STATES DISTRICT COURT
                DISTRICT OF ARIZONA
8                 PHOENIX DIVISION

9

10   STEPHEN EDWARDS, INC.,    )  Case No. _____
     dba Stephen Edwards,        )
11                       )  **DEFENDANT AMERICAN**
              Plaintiff,    )  **EXPRESS COMPANY'S JOINDER**
    v.                    )  **AND CONSENT TO REMOVAL**
12                       )
    AMERICAN EXPRESS COMPANY; )  (Removed from the Superior Court of the
13   EQUIFAX INC;             )  State of Arizona, Maricopa County,
    TRANSUNION LLC;        )  Case No. CV2012-096901)
14   EXPERIAN INFORMATION SOLUTIONS;)
    DOES I-X, WHITE ASSOCIATION I-X; )
15   and BLACK CORPORATIONS I-X   )
                       )
16           Defendants     )

17

        Without waiving any defenses, Defendant American Express Company, hereby
18
joins in and consents to the removal of this action from the Superior Court of the State of
19
Arizona in and for the County of Maricopa to this Court.
20
        American Express Company first received a copy of the Complaint, the initial
21
pleading setting forth the claim for relief upon which this action is based, on November
22
1, 2012.
23
        Dated: November ___, 2012
24
                       Respectfully Submitted,
25

26                      _____

27                      Anne M. Jerez
                       Legal Analyst
28                     Genera Counsel's Office American Express
                      1801 NW 66 Ave Suite 103
                      Plantation, FL 33313 MC 95-01-04

1

Tel: 954-704-6023
Fax: 623-707-4994
anne.m.jerez@aexp.com
*Representative for Defendant American
Express Company*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Brian J. Olson
    KING & SPALDING LLP
2   1180 Peachtree Street, N.E.
    Atlanta, Georgia 30309
3   Tel.: (404) 215-5806
    Fax:  (404) 572-5100
4   bjolson@kslaw.com

5   *Attorney for Defendant*
    *Equifax Information Services, LLC*
6

7                      UNITED STATES DISTRICT COURT
                           DISTRICT OF ARIZONA
8                          PHOENIX DIVISION

9

10  STEPHEN EDWARDS, INC.,            )   Case No. _____
    dba Stephen Edwards,             )
11                                    )   **DEFENDANT EQUIFAX**
                          Plaintiff,  )   **INFORMATION SERVICES, LLC'S**
12  v.                                )   **JOINDER AND CONSENT TO**
                                      )   **REMOVAL**
13  AMERICAN EXPRESS COMPANY;         )
    EQUIFAX INC;                      )   (Removed from the Superior Court of the
14  TRANSUNION LLC;                   )   State of Arizona, Maricopa County,
    EXPERIAN INFORMATION SOLUTIONS;   )   Case No. CV2012-096901)
15  DOES I-X, WHITE ASSOCIATION I-X; and )
    BLACK CORPORATIONS I-X            )
16                                    )
                          Defendants  )
17

18          Without   waiving   any   defenses,   Defendant   Equifax   Information   Services  LLC.,

19  incorrectly named, Equifax, Inc., hereby joins in and consents to the removal of this action from

20  the Superior Court of the State of Arizona in and for the County of Maricopa to this Court.

21          Equifax Information Services, LLC, first received a copy of the Complaint, the initial

22  pleading setting forth the claim for relief upon which this action is based, on November 1, 2012.

23          Dated: November 19, 2012

24                                        Respectfully Submitted,

25

26                                        _____
                                          Brian J. Olson
27                                        KING & SPALDING LLP
                                          1180 Peachtree Street, N.E.
28                                        Atlanta, Georgia 30309
                                          Tel.: (404) 215-5806
                                          Fax: (404) 572-5100
                                          bjolson@kslaw.com
                                          *Attorney for Defendant Equifax Information*
                                          *Services, LLC*

Jonathan A. Dessaules, State Bar No. 019439
DESSAULES LAW GROUUP
2700 North Central Avenue, Suite 1250
Phoenix, Arizona 85004
602.274.5400
jdessaules@dessauleslaw.com

Attorneys for Defendant,
EXPERIAN INFORMATION SOLUTIONS,
INC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STEPHEN EDWARDS INC., an individual<br><br>              Plaintiff,<br><br>              v.<br><br>AMERICAN EXPRESS COMPANY; EQUIFAX INC; TRANSUNION LLC; EXPERIAN INFORMATION SOLUTIONS; DOES I-X, WHITE ASSOCIATION I-X; and BLACK CORPORATIONS I-X<br><br>              Defendants. | Case No. _____<br><br>(Removed from Superior Court of the State of Arizona, County of Maricopa, Case No. CV2012-096901)<br><br>DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S, JOINDER AND CONSENT TO REMOVAL<br><br>Complaint Filed: October 31, 2012 |

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S JOINDER AND

CONSENT TO NOTICE OF REMOVAL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Experian Information

Solutions, Inc., by counsel, hereby joins in and consents to the notice of removal of this

1
JOINDER AND CONSENT TO REMOVAL

action filed by Defendant Trans Union, LLC, without waiving its rights to assert any personal jurisdictional claims or other motions under the Federal Rules of Civil Procedure, including Rule 12 motions.

Dated:  November 20, 2012                    Respectfully submitted,


                                             /s/ Jonathan A. Dessaules
                                             Jonathan A. Dessaules, State Bar No. 019439
                                             DESSAULES LAW GROUP
                                             2700 North Central Avenue, Suite 1250
                                             Phoenix, Arizona 85004
                                             602.274.5400
                                             jdessaules@dessauleslaw.com

                                             Counsel for Defendant
                                             EXPERIAN INFORMATION SOLUTIONS,
                                             INC.



IRI-44892v1

JOINDER AND CONSENT TO REMOVAL